UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>v.<br><br>CHANDRA PLOUGH,<br><br>        Defendant. | Case No. 2:17-cv-01996-MMD-CWH<br><br>**REPORT & RECOMMENDATION** |

Presently before the Court is pro se Defendant Chandra Plough's application for leave to proceed *in forma pauperis* (ECF No. 1), filed on July 21, 2017. Included in Defendant's motion is her notice of removal (ECF No. 1-1).

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. The Court will therefore grant Plaintiff's request to proceed *in forma pauperis*.

**II.    Removal**

Plaintiff seeks to remove this case from state court under 28 U.S.C. § 1441, which allows civil actions brought in a state court to be removed to federal court upon establishing one of the prescribed bases for removal. One such basis is federal question jurisdiction, which allows for removal for claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1441. However, certain restrictions apply to removal for federal question jurisdiction. Specifically, federal question jurisdiction requires that a federal question of law must be presented on the face of the plaintiff's complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). This means that the relevance of a federal question to the defense of a claim does not satisfy the requirements for removal under 28 U.S.C. § 1441. This rule is applied strictly, so that "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly

at issue in the case." *Franchise Tax Bd. Of Cal. V. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

Here, Defendant seeks removal on the basis of a number of federal issues she seeks to raise as defenses to an action brought against her in a Nevada court for unlawful detainer. The complaint makes no reference to any federal claim. As noted above, federal defenses cannot support removal, and Defendant does not claim removal on any other basis. The Court will therefore recommend the case be remanded to state court.

IT IS THEREFORE ORDERED that Defendant's application for leave to proceed *in forma pauperis* (ECF No. 1) is granted. Defendant is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court must file Defendant's notice of removal (ECF No. 1-1).

IT FURTHER RECOMMENDED that this case should be remanded to state court.

DATED: July 27, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).